hPETTIGREW, J.,
concurring.
I concur in the results reached by the majority. However, I disagree with the majority that the only remedy appellant may seek is pursuant to Louisiana R.S. 23:1201.2.
It is my opinion that there is another provision in the Workers’ Compensation Act that provides additional relief to the appellants if they can meet the standards and elements of that statute. That relief would be to seek criminal charges and/or civil penalties against the defendants individually pursuant to La. R.S. 23:1208, which, in part, provides as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation. [Emphasis added.]
This statute provides for criminal .provisions under paragraph C and for civil penalties under paragraph D, which provides, in part:
|2P. In addition to the criminal penalties provided for iri Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers’ compensation judge of not less than five hundred dollars nor more than five thousand dollars,, and may be ordered to make restitution.
The defendants in this case qualify under the definition of “any person.” Thus, if the appellants can meet the other elements and requirements of La. R.S. 23:1208, this could be an additional remedy for them.